1999 OK CIV APP 10

**Ronald A. KASBAUM, Appellant,**

v.

**STATE of Oklahoma, ex rel. DE-
PARTMENT OF PUBLIC
SAFETY, Appellee.**

**No. 91,971.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Dec. 22, 1998.

Stephen G. Fabian, Jr., Fabian & Associates, Inc., P.C., Edmond, Oklahoma, for appellant.

Earl L. Reeves, Jr., Department of Public Safety, Oklahoma City, Oklahoma, for appellee.

## MEMORANDUM OPINION

REIF, J.

¶ 1 Ronald Kasbaum appeals the trial court's denial of his request to modify the revocation of his driver's license. Mr. Kasbaum. asserts that the denial of the modification resulted from an erroneous finding that he had other adequate means of transportation. He contends that the trial court improperly disregarded his uncontradicted testimony that he did not have other adequate means of transportation. In response, the Department of Public Safety argues that the trial court did not have to accept Mr. Kasbaum's testimony on this point, because he was impeached on other points in his testimony. Alternatively, the Department asserts that the decision to grant a modification is discretionary and that the trial court did not abuse its discretion in denying the modification in light of Mr. Kasbaum's extensive record of alcohol-related driving offenses. The Department believes that denial of modification was particularly appropriate in this case, because Mr. Kasbaum incurred the revocation under review as the result of an alcohol-related driving offense while driving under a modification of an earlier revocation. In reply, Mr. Kasbaum has argued that the court cannot exercise its discretion until it has made a proper threshold finding concerning the availability of other adequate means of transportation.

¶ 2 The essence of Mr. Kasbaum's position on appeal is that the trial court would view modification differently if it recognizes that he does not have other adequate means of transportation. He asks this court to abstain from reviewing the trial court's exercise of discretion, until the trial court reconsiders the question of modification by accept-

ing his testimony that he does not have other adequate means of transportation.

¶3 The problem with Mr. Kasbaum's position is that modification of a revocation under 47 O.S.Supp.1997 § 755 is an exception to revocation that *may* be granted in cases where the licensee makes a showing that he or she has no other adequate means of transportation. That is, the finding of no other adequate means of transportation is a threshold condition for the court *to grant* such legislative grace; however, the court is not required to make any finding at all regarding alternative transportation in order to withhold modification.

¶4 Even if this court assumes that Mr. Kasbaum did establish that he had no other adequate means of transportation, the trial court was not required to consider that fact if it could conclude that denial of modification was justified on other grounds. In our review of the record, denial of modification was sustainable on other grounds whether alternative transportation existed or not. In particular, we agree with the Department that incurring a revocation while driving under a modification of a prior revocation is a sufficient, independent ground to withhold modification, regardless of the availability of alternative transportation.

¶5 Any error in the trial court's finding concerning alternative transportation is immaterial and must be disregarded. 12 O.S.1991 § 78. A trial court's judgment will be upheld if it is correct, even if a wrong reason was given as the basis for the decision. *See In re Estate of Maheras,* 1995 OK 40, 897 P.2d 268. Accordingly, the denial of Mr. Kasbaum's request to modify the revocation of his driver's license is AFFIRMED.

STUBBLEFIELD, P.J., and RAPP, J., concur.